T.C. Memo. 2011-186


UNITED STATES TAX COURT


JULIE MARIE MCGOWEN AND JOHN MICHAEL MCGOWEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22619-08.                    Filed August 4, 2011.


Julie Marie McGowen and John Michael McGowen, pro sese.

<u>Guy H. Glaser</u> and <u>Jeffery D. Rice</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


FOLEY, <u>Judge</u>:  After concessions, the issues for decision, relating to petitioners' 2006 joint Federal income tax return, are whether a payment received pursuant to a settlement agreement

is taxable income and whether petitioners are subject to a section 6662(a)[1] accuracy-related penalty.

FINDINGS OF FACT

In 2004 Julie Marie McGowen worked as a financial analyst for PacifiCare Health Systems, Inc., and PacifiCare of California (collectively, PacifiCare).  From August to December 2004 Mrs. McGowen was harassed at work by Kevin Bulrice.  Mr. Bulrice created an intimidating, hostile, and offensive work environment and, on one occasion, threw a binder at Mrs. McGowen.  Mrs. McGowen reported these incidents to her superiors, but her superiors did not take action to prevent Mr. Bulrice from continuing to harass Mrs. McGowen.  Mrs. McGowen's work conditions became intolerable and she began to develop symptoms of emotional distress (e.g., shaking, sweating, anxiety, sleeplessness, panic attacks, depression, etc.).  On December 19, 2004, Mrs. McGowen elected to take a medical leave of absence due to stress.

During her leave of absence Mrs. McGowen remained in contact with PacifiCare and periodically updated PacifiCare on the status of her health.  On March 23, 2005, Mrs. McGowen requested an extended leave of absence and informed PacifiCare that she would

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

be undergoing counseling for her stress-related problems.  On April 19, 2005, PacifiCare notified Mrs. McGowen that her employment had been terminated effective April 15, 2005.

On September 26, 2005, Mrs. McGowen filed a complaint against PacifiCare and several PacifiCare employees with the Superior Court of the State of California, County of Orange (complaint).  In the complaint Mrs. McGowen alleged sexual harassment, failure to prevent sexual harassment, disability discrimination, failure to prevent discrimination, intentional infliction of emotional distress, and other causes of action. Mrs. McGowen also described how she was mistreated and requested "compensatory damages for emotional distress and other economic and non-economic losses".

On April 11, 2006, Mrs. McGowen and PacifiCare entered into a settlement agreement and general release of claims (settlement agreement), which provided that PacifiCare, as consideration for the release of claims set forth in the agreement, would make payments totaling $125,000 to Mrs. McGowen and her attorneys.  In particular, the settlement agreement provided that PacifiCare would pay Mrs. McGowen's attorneys $39,750 "for attorneys fees on account of * * * [Mrs. McGowen's] statutory claims under California's Fair Employment and Housing Act" and pay Mrs. McGowen $42,625, "less withholding required by law, for lost income" (lost income payment) and $42,625 "for physical injury

caused by emotional distress" (emotional distress payment).  On
May 31, 2006, PacifiCare's attorney sent Mrs. McGowen's attorney
three checks relating to the payment obligations described in the
settlement agreement and a letter stating that the settlement was
complete.  Subsequently, United HealthCare Services, Inc., which
at the time of the lost income payment was in the process of
merging with PacifiCare, issued Mrs. McGowen a Form W-2, Wage and
Tax Statement, and PacifiCare issued Mrs. McGowen a Form 1099-
MISC, Miscellaneous Income, for the lost income payment and the
emotional distress payment, respectively.

In 2007 petitioners timely filed a joint Federal income tax
return relating to 2006 (2006 return).  On petitioners' 2006
return they reported, among other things, the $42,625 lost income
payment, but did not report the $42,625 emotional distress
payment.  On June 16, 2008, respondent issued petitioners a
notice of deficiency relating to 2006 (year in issue).  In the
notice, respondent determined that petitioners underreported
their income, were liable for a $12,618 deficiency, and were
liable for a $2,467 section 6662(a) accuracy-related penalty
relating to 2006.  On September 15, 2008, petitioners, while
residing in California, filed a petition with the Court.[2]

---

[2]On Mar. 15, 2010, the Court granted respondent's motion to
dismiss for lack of prosecution as to petitioner's husband, John
Michael McGowen.  The decision we enter with respect to
petitioner John Michael McGowen will be consistent with the
decision we enter with respect to petitioner Julie Marie McGowen.

OPINION

Section 104(a)(2) provides that gross income does not include the "amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness".  See also sec. 61(a); Commissioner v. Schleier, 515 U.S. 323, 328 (1995) (stating that section 61(a) is broad in scope and exclusions from gross income must be narrowly construed).  Thus, a taxpayer may exclude damages from gross income when the taxpayer establishes that (1) the underlying cause of action giving rise to the damages is based upon tort or tort-type rights and (2) the damages were received on account of personal physical injury or physical sickness.  See sec. 104(a)(2); Commissioner v. Schleier, supra at 337 (citing United States v. Burke, 504 U.S. 229, 234 (1992)); sec. 1.104-1(c), Income Tax Regs.[3]  Section 104(a)(2) further provides that emotional distress shall not be treated as a physical injury or physical sickness, except to the extent that damages attributable

---

[3]Pursuant to sec. 7491(a), Mrs. McGowen has the burden of proof with respect to the factual issue affecting her liability for tax unless she introduces credible evidence and satisfies other requirements that would shift the burden relating to that issue to respondent.  See Rule 142(a).  Our conclusions, however, are based on a preponderance of the evidence, and thus the allocation of the burden of proof is immaterial.  See Estate of Bongard v. Commissioner, 124 T.C. 95, 111 (2005).

to the emotional distress were used to pay for medical care, as described in section 213(d)(1)(A) or (B).

Mrs. McGowen contends that the emotional distress payment constitutes damages received on account of physical injuries and is excludable pursuant to section 104(a)(2).  We disagree.  There is no evidence that the binder physically injured Mrs. McGowen or that Mrs. McGowen suffered other than the symptoms of emotional distress.  Moreover, pursuant to the settlement agreement, Mrs. McGowen received damages on account of her emotional distress and not as a result of "a physical injury or physical sickness" as defined in section 104(a).[4]  See United States v. Burke, supra at 237 (stating that where damages are received pursuant to a settlement agreement, the nature of the claim that was the actual basis for settlement controls whether those damages are excludable pursuant to section 104(a)(2)); Seay v. Commissioner, 58 T.C. 32, 37 (1972).  Accordingly, the $42,625 emotional distress payment to Mrs. McGowen is not excludable pursuant to section 104(a)(2).

---

[4]The legislative history shows that "It is intended that the term emotional distress includes symptoms (e.g., insomnia, headaches, stomach disorders) which may result from such emotional distress."  H. Conf. Rept. 104-737, at 301 n.56 (1996), 1996-3 C.B. 741, 1041.  Therefore, to be excludable from gross income pursuant to sec. 104(a)(2), a settlement award must be paid to a taxpayer on account of physical injury or physical sickness, which does not include emotional distress or symptoms thereof.

Respondent further determined that Mrs. McGowen is liable for a section 6662(a) accuracy-related penalty relating to the year in issue. Section 6662(a) imposes a 20-percent penalty on the amount of any underpayment of tax attributable to negligence or a substantial understatement of income tax. See sec. 6662(b)(1) and (2). Respondent bears, and has met, the burden of production relating to this penalty. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Section 6664(c)(1), however, provides that no penalty shall be imposed if a taxpayer demonstrates that there was reasonable cause for the underpayment and that the taxpayer acted in good faith. See also sec. 7491(c); Higbee v. Commissioner, supra at 446. Mrs. McGowen, who lacked knowledge and experience in tax law, reasonably believed that a portion of her settlement payment was not taxable and in good faith did not report that portion of the settlement payment on her 2006 return. See sec. 6664(c); sec. 1.6664-4(b)(1), Income Tax Regs. Accordingly, Mrs. McGowen is not liable for the section 6662(a) accuracy-related penalty.

Contentions not addressed are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for respondent.